```
 1
 2
 3
 4
 5
 6
 7
 8                    IN THE UNITED STATES DISTRICT COURT
 9                   FOR THE EASTERN DISTRICT OF CALIFORNIA
10  THE PEOPLE OF THE STATE              )
    OF CALIFORNIA,                       )   NO. CIV 05-0314 GEB PAN
11                                       )
                         Plaintiff,      )   ORDER*
12                                       )
         v.                              )
13                                       )
    EDWARD D. JONES & CO., L.P.,         )
14  a limited partnership, and           )
    DOES 1 through 1000, inclusive,      )
15                                       )
                         Defendants.     )
16  _____)
```

17         Plaintiff moves to remand this action to the Superior Court
18  of the State of California for the County of Sacramento under 28
19  U.S.C. § 1447(c), arguing that federal subject matter jurisdiction is
20  lacking, and requesting costs incurred as a result of the removal.
21  Defendant opposes the motion, contending that removal of this action
22  was proper under 28 U.S.C. § 1442(a)(1).

                                 MOTION TO REMAND

24         "[A] defendant who removes an action from state court to
25  federal district court bears the burden . . . of establishing that
26  removal was proper." United Computer Systems, Inc. v. AT&T Corp., 298

---

28       *   This motion was determined to be suitable for decision
    without oral argument.  L.R. 78-230(h).

                                       1

F.3d 756, 763 (9th Cir. 2002).  In addition, "the removal statute is strictly construed against removal jurisdiction and doubt is resolved in favor of remand."  Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979).

Defendant removed this action to federal court under 28 U.S.C. § 1442(a)(1), which provides:

> A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending: (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

"This provision is satisfied if the moving party can (1) demonstrate that it acted under the direction of a federal officer, (2) raise a federal defense to plaintiff['s] claims, and (3) demonstrate a causal nexus between plaintiff['s] claims and acts it performed under color of federal office."  Fung v. Abex Corp., 816 F. Supp. 569, 571-72 (N.D. Cal. 1992) (citing Mesa v. California, 489 U.S. 121, 124-25, 134-35 (1989)).

"Overall, the 'inquiry under the federal officer removal statute is the extent to which the Defendant acted under federal direction at the time it engaged in the acts underlying the Plaintiff['s] lawsuit.'"  AIG Europe (UK) Ltd. v. McDonnell Douglas Corp., 2003 WL 257702, at *1 (C.D. Cal. Jan. 28, 2003) (citing Thompson v. Cmty. Ins. Co., No. C-3-98-323, 1999 U.S. Dist. LEXIS 21725, at *19 (S.D. Ohio Mar. 3, 1999)).  "A majority of courts have held that the federal official must have 'direct and detailed control'

over the defendant." Fung, 816 F. Supp. at 572 (citing Ryan v. Dow Chemical Co., 781 F. Supp. 934, 947 (E.D.N.Y. 1992)). "If [a] corporation establishes 'only that the relevant acts occurred under the general auspices of' a federal officer, such as being a participant in a regulated industry, they are not entitled to § 1442(a)(1) removal." Fung, 816 F. Supp. at 572 (citing Ryan, 781 F. Supp. at 947) and Bakalis v. Crossland Sav. Bank, 781 F. Supp. 140, 144-45 (E.D.N.Y. 1991)).

The conclusory assertions in Defendant's removal petition fail to justify removal under 28 U.S.C. § 1442(a)(1).  Therefore, Plaintiff's remand motion is granted.

### REQUEST FOR COSTS

Plaintiff also seeks costs for the improper removal under 28 U.S.C. § 1447(c).  "An order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  "[W]hen a defendant's removal, while 'fairly supportable,' was wrong as a matter of law," an award of fees is permissible.  Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1106 n.6 (9th Cir. 2000). Plaintiff need not show that removal was done in bad faith. Moore v. Permanente Medical Group, Inc., 981 F.2d 443, 446 (9th Cir. 1992).

Plaintiff states that "by the time of the hearing on this motion the State will have incurred at least $12,500.00 in expenses, representing attorneys' fees incurred in connection with the motion to remand."[1]  (Pl.'s Remand Mot. at 10 (citing Jeffrey Rich Decl. ¶ 2.).)

---

[1] Although Plaintiff argues it is entitled to "costs," it fails to specify what costs are involved.  Plaintiff asserted it has incurred $12,500.00 in expenses, which represents the entire

(continued...)

1 The only evidence Plaintiff submits on this issue is its counsel's
2 conclusory declaration that he spent at least thirty hours drafting
3 the motion to remand and anticipated spending at least an additional
4 twenty hours in connection with oral argument, and that he bills
5 $250.00 per hour.  (Rich Decl. ¶ 6.)  Since Plaintiff fails to satisfy
6 its "'burden of submitting detailed time records justifying the hours
7 claimed to have been expended,'" Plaintiff's request is denied.  <u>Keith</u>
8 <u>v. Volpe</u>, 833 F.2d 850, 859 (9th Cir. 1987) (quoting <u>Hensley v.</u>
9 <u>Eckerhart</u>, 461 U.S. 424, 433 (1983)).

## CONCLUSION

For the stated reasons, Plaintiff's remand motion is granted and Plaintiff's request for costs is denied.  The Clerk of the Court is directed to remand this action to the Superior Court of the State of California for the County of Sacramento.

IT IS SO ORDERED.

Dated:  May 13, 2005

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge

---

[1](...continued)
amount sought. (Rich Decl. ¶ 2.)

4